**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| TRACEY G. WORKMAN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 1:16-CV-288-TLS |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

The Plaintiff, Tracey G. Workman, seeks review of the final decision of the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits. He claims that he is unable to work due to a combination of physical and mental conditions.

## PROCEDURAL HISTORY

In May 2013, the Plaintiff filed a claim for disability insurance benefits, alleging disability beginning in April 2011. The agency responsible for making disability determinations on behalf of the Commissioner denied the Plaintiff's claim initially and upon reconsideration. The Plaintiff sought appeal of those determinations and filed a request for a hearing before an Administrative Law Judge (ALJ). In November 2014, the Plaintiff, who was represented by an attorney, appeared and testified before the ALJ. The ALJ also heard testimony from a vocational expert (VE). In February 2015, the ALJ issued a written decision in which she concluded that the Plaintiff was not disabled because he was capable of performing a number of jobs within the national economy based upon his conditions. The Plaintiff sought review of the ALJ's decision by the Appeals Council. In May 2016, the Appeals Council denied review, making the ALJ's

decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. The Plaintiff seeks judicial review under 42 U.S.C. § 405(g).

## THE ALJ'S FINDINGS

The Social Security regulations set forth a five-step sequential evaluation process to be used in determining whether the claimant has established a disability. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v); *see also* 42 U.S.C. § 423(d)(1)(A) (defining a disability under the Social Security Act as being unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"); *id.* § 423(d)(2)(A) (requiring an applicant to show that his "impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy"). The first step is to determine whether the claimant is presently engaged in substantial gainful activity (SGA). Here, the ALJ found that the Plaintiff was not engaged in SGA, so she moved to the second step, which is to determine whether the claimant had a "severe" impairment or combination of impairments.

An impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). The ALJ determined that the Plaintiff's severe impairments were a history of cervical and lumbar spine surgeries and asthma, all of which significantly limited his ability to perform basic work activities. But the ALJ also concluded that the Plaintiff's mental impairment of major depressive order was not a severe impairment because it caused no more than minimal limitations to his ability to perform basic work-related activities. The ALJ explained that Dr. Boen's assessment of the Plaintiff, wherein

he found that he suffered from "major depression, recurrent and mild," was given great weight, but his GAF score of 55 was not. (R. 19.) In making this determination, the ALJ assessed the four broad functional areas that the regulations set out for evaluating mental disorders and determined that the Plaintiff experienced only mild limitations in the first three—activities of daily living, social functioning, and concentration, persistence, or pace—and no episodes of decompensation, which rendered his mental impairments nonsevere.

At step three, the ALJ considered whether the Plaintiff's impairments, or combination of impairments, met or medically equaled the severity of one of the impairments listed by the Administration as being so severe that it presumptively precludes SGA. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ concluded that the Plaintiff's asthma impairment and back disorder did not meet or equal a listed impairment.

Next, the ALJ was required, at step four, to determine the Plaintiff's residual functional capacity (RFC), which is an assessment of the claimant's ability to perform sustained work-related physical and mental activities in light of his impairments. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ concluded that the Plaintiff had the RFC to perform sedentary work, which meant lifting, carrying, pushing and pulling 10 pounds occasionally and less than 10 pounds frequently, standing or walking for approximately two hours and sitting for approximately six hours per eight-hour workday, and occasionally stooping, crouching, and climbing ramps and stairs. There were no mental limitations included in the RFC. In making these findings, the ALJ gave great weight to Dr. Onamusi's consultative medical opinion finding that the Plaintiff could perform light work and the opinions by Disability Determination Services (DDS) medical consultants Dr. Dodson and Dr. Brill. Additionally, the ALJ found that the

Plaintiff's own statements about his impairments were not entirely credible, and thus did not influence the RFC determination.

At the final step of the evaluation, the ALJ determined that the Plaintiff could not perform any past relevant work. However, because of the Plaintiff's age, education, work experience, and RFC, the ALJ found that there were a significant number of jobs in the national economy that the Plaintiff could perform. These jobs included addresser, telephone order clerk, and charge account clerk. These jobs were typically unskilled and performed at the sedentary level.

**STANDARD OF REVIEW**

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In this substantial-evidence determination, the court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the

court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the court conducts a "critical review of the evidence" before affirming the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an inadequate discussion of the issues. *Id.*

The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). If the Commissioner commits an error of law, remand is warranted without regard to the volume of evidence in support of the factual findings. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).

## ANALYSIS

The Plaintiff raises three arguments in favor of remand. First, the Plaintiff argues that the ALJ's decision failed to build an accurate and logical bridge from the evidence to her ultimate conclusion of non-disability. (Pl.'s Br. 8–11, ECF No. 17.) Second, the Plaintiff argues that the ALJ's RFC determination was erroneous because it failed to include handling limitations. (*Id.* at 11–14.) Third, the Plaintiff argues that the ALJ made an erroneous credibility finding as to the Plaintiff's testimony. (*Id.* at 14.) The Court will initially address the second and third arguments.

The Plaintiff argues that the ALJ engaged in "picking and choosing" by failing to include Dr. Dobson's handling limitations in her RFC.[1] An ALJ is obligated to consider all relevant evidence and cannot "cherry-pick" facts that support a finding of non-disability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

> The ALJ must determine an individual's RFC, or what an individual can still do despite his or her limitations, based upon medical evidence as well as other

---

[1] The Plaintiff raised this argument as an alternative to his argument that the DDS medical consultants' erroneous mention of a female claimant required automatic reversal and remand. The Court addresses that argument below.

5

evidence, such as testimony by the claimant or his friends and family. In making a proper RFC determination, the ALJ must consider all of the relevant evidence in the record, even limitations that are not severe, and may not dismiss a line of evidence contrary to the ruling. However, a determination need not contain a complete written evaluation of every piece of evidence.

*Murphy v. Colvin*, 759 F.3d 811, 817–18 (7th Cir. 2014) (quotation marks, brackets, and citations omitted). The Court finds that the ALJ did not cherry-pick in determining the Plaintiff's RFC. Only the Plaintiff and Dr. Dobson, a state agency physical consultant, suggested that the Plaintiff needed occasional handling limitations to his upper body. Notably, no examining or treating source "ever suggested that any greater limitation was required." *Sienkiewicz v. Barnhart*, 409 F.3d 798, 803 (7th Cir. 2005). Nevertheless, the ALJ's RFC assessment included extensive limitations, but it properly did not need to include those that the Plaintiff sought but were unsupported by the evidence in the record.

Next, the Plaintiff argues that the ALJ improperly weighted his credibility, although he does not specifically point to any statements that he wished the ALJ had credited or explain how crediting such statements would have changed the RFC determination.[2] An ALJ's credibility determinations are entitled to special deference, *Sims v. Barnhart*, 442 F.3d 536, 538 (7th Cir. 2006), so long as the ALJ still "build[s] an accurate and logical bridge between the evidence and the result," *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000) (internal quotation marks omitted); SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996) (an ALJ must "consider the entire case record and give specific reasons for the weight given to the individual's statements"). The

---

[2] In his briefing, the Plaintiff merely stated that the "Plaintiff endured cervical spine surgery, then suffered through lumbar spine surgery. Then, Plaintiff returned to work, but could not continue because of a deteriorating condition and pain. Plaintiff was credible." (Pl.'s Br. 14.) These statements are factual and do not go to the Plaintiff's credibility, and as the Court explains below, the ALJ accounted for the Plaintiff's prior surgeries in her decision.

regulations and SSR 96-7p set forth the Agency's policy for evaluating a claimant's symptoms and assessing the credibility of his statements.[3]

The Plaintiff argues that the ALJ failed to present specific reasons why, in light of his testimony, the Plaintiff was not credible and thus why his statements were discounted in the formulation of the RFC. But this mischaracterizes the record. As the Defendant correctly noted, "The ALJ considered several factors in her assessment of Plaintiff's subjective symptoms, including: (1) his complaints of disabling symptoms; (2) the lack of supporting evidence; (3) his limited treatment and the reasons for the limited treatment; (4) his improvement after surgeries in 2011; (5) the medical opinions of record . . . ; and (6) the ALJ's observations at the hearing." (Def.'s Mem. 15, ECF No. 22.) In evaluating the Plaintiff's statements, the ALJ followed the instructions of SSR 96-7p and "consider[ed] the entire case record." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). Although the Plaintiff points to his previous cervical and lumbar spine surgeries, those do not compel a finding of disability because they were successful in resolving his pain. "[T]o the extent Plaintiff sought treatment for back pain after his lumbar spine surgery, it was generally related to over-exertion," and lumbar spine x-rays in December 2011 showed stable post-operative changes, which suggested that his symptoms were not as severe as alleged. (Def.'s Mem. 15–16 (citing R. 22).) The Court is only empowered to overturn the ALJ's credibility determinations when they are "patently wrong," *See Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (quoting *Powers*, 207 F.3d 431, 435 (7th Cir. 2000)), and cannot say that any of the aforementioned credibility determinations qualified as such.

---

[3] Although SSR 96-7p governs this case, SSR 16-3p clarifies SSA's existing policy by explicitly stating that an ALJ need not discuss all of the regulatory factors that he considers, except as he finds them pertinent to the case. 2016 WL 1119029, at *7 ("If there is no information in the evidence of record regarding one of the factors, we will not discuss that specific factor in the determination or decision because it is not relevant to the case").

Finally, the Plaintiff argues that the ALJ's opinion was illogical because she considered inconsistent evidence. At one point, the Plaintiff argues that it was inconsistent to give great weight to Dr. Onamusi's light work opinion and to Dr. Dobson's "sedentary" opinion. However, the ALJ explained that she added restrictions beyond those listed by Dr. Onamusi to address the Plaintiff's "postural movements, and overhead limitations and hazards." (R. 8.)[4] At another point, the Plaintiff claims that the RFC was inconsistent because it allowed for the Plaintiff to "frequently balance even though [he] could not frequently stand or walk." (Pl.'s Br. 11.) Nothing about this is inconsistent, as the Court reads "frequent balancing" as applying to the two hours when the Plaintiff could stand or walk. Furthermore, the ALJ did not base her RFC solely on the medical opinion evidence, but also on "examination results, objective tests, Dr. Onamusi's and Dr. Boen's opinions, and the opinions of the DDS medical and psychological consultants." (Def.'s Mem. 9–10.) The "ALJ also considered and credited Plaintiff's subjective reports of difficulty performing his past jobs at the light and medium exertional levels." (*Id.* at 10.)

Nevertheless, the Court finds that reversal and remand is required because of the ALJ's inclusion of Dr. Dobson and Dr. Brill's reports. The Plaintiff points out that Dr. Dobson and Dr. Brill's reports "found exertional limitations at the sedentary level and an extensive variety of manipulative, postural, and environmental limitations." (Pl.'s Br. 9.) However, for the portion of their report that asked them to "explain exertional limitations," Dr. Dobson and Dr. Brill identified the profile of someone who is not the Plaintiff, as their reports discussed a female claimant with insulin dependent diabetes mellitus (IDDM), rheumatoid arthritis (RA), and asthma, whereas the Plaintiff is male and did not identify IDDM, RA, or asthma as impairments. (*See* R. at 80, 91.) Because "the RFC rests predominantly upon Dr. Dobson's opinion" the

---

[4] Indeed, Dr. Canavati's opinion, which provided for a 50-pound limit for certain activities and no overhead lifting, suggested such restrictions.

8

Plaintiff argues that this Court must reverse the ALJ's decision and remand. (Pl.'s Br. 10.) The Defendant counters that "the opinions from treating and examining sources supported finding that Plaintiff could do light or medium work," and "no examining or treating source opined that Plaintiff ha[d] greater restrictions than the ALJ found." (Def.'s Mem. 6–7.) Indeed, the opinions of Dr. Dobson and Dr. Brill do support the ALJ's ultimate conclusion of non-disability, after those portions erroneously citing a female claimant with conditions not applicable to the Plaintiff are excluded. But the Court cannot ignore the fact that the ALJ gave "great weight" to Dr. Dobson and Dr. Brill's opinions. (R. 23.) Identifying someone other than the Plaintiff calls into question the other evidence supporting the ALJ's conclusion, as well as her ultimate conclusion of non-disability.[5] While an ALJ's "determination need not contain a complete written evaluation of every piece of evidence," *Murphy*, 759 F.3d at 817–18 (quotation marks, brackets, and citations omitted), the evidence upon which an ALJ relies must apply to the Plaintiff's case. Upon remand, the ALJ should not consider Dr. Dobson and Dr. Brill's opinions, as well as review all other evidence to ensure that it is consistent with the Plaintiff's circumstances and the ALJ's ultimate decision.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

---

[5] The Defendant argued that the Plaintiff's argument is waived because "the ALJ asked if Plaintiff's counsel had any objections to the relevancy of the proposed exhibits [from Dr. Dobson], but he indicated he had no objections, and thus the ALJ entered the exhibits into evidence." (Def.'s Mem. 7.) Irrespective of whether the Plaintiff's counsel waived this argument, the Court must still review the ALJ's decision and the ALJ's underlying reasoning for its soundness.

SO ORDERED on August 15, 2017.

                                           s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT